**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LARRY FLENOID,            ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.                  ) | No. 4:23-cv-01000-MTS |
| ) | |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.    ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon Petitioner Larry Flenoid's latest attempt to be released from federal custody. As detailed herein, his myriad claims have been dismissed time and again. This go-around, he calls his motion a "Motion Pursuant [to] 28 U.S.C. §§ 1331 & 1651 Seeking Issuance of Coram Nobis Writ."[1] Petitioner alleges three grounds for relief in his application for writ of coram nobis. He first asserts that his counsel was ineffective in his 1982 federal criminal case because his counsel failed to object to the separation of Petitioner's four cocaine distribution charges, and as a result, they were used to enhance his 2004 escape and felon in possession convictions—after he absconded during an ill-advised weekend pass, murdered a man, and dragged a woman from a car. He next argues that his counsel was ineffective because he failed to inform Petitioner of the possibility of the later consequences of his plea should he someday commit future felonies, which he says made his 1982 guilty plea involuntary and unknowing. Lastly, he asserts that his counsel was ineffective for failing to object at Petitioner's 1982

---

[1] The Clerk of Court docketed this action as a motion to vacate pursuant to 28 U.S.C. § 2255. However, the Court will accept Petitioner's filing as it is titled.

sentencing hearing when the first distribution charge was not fully established by the government at the hearing.   Like his other challenges have, this one also fails.

## Factual and Procedural Background

### A.  *Petitioner's Criminal History*

Petitioner Larry Flenoid is an inmate currently housed at the Federal Correctional Institution located at Terre Haute, Indiana.   On October 14, 1982, this Court sentenced petitioner to fifteen (15) years imprisonment after he was found guilty of four counts of distribution of cocaine on four separate occurrences.   *United States v. Flenoid*, 4:82-cr-0221-JHM (E.D. Mo. 1982).   The Court additionally sentenced Petitioner to a five-year special parole term on each of the four counts, to run concurrently.   *Id.*   Petitioner did not appeal his conviction or his sentence. He also did not file any post-conviction motions relative to his sentence.

After serving some time, a vacillation between parole and revocation followed.   Petitioner was paroled on October 28, 1987, but his parole was revoked on February 1, 1989.   He was re-paroled on February 5, 1990, and his parole was revoked again on August 4, 1995.   He was re-paroled on March 29, 1996, and his parole was revoked on June 3, 1999.   *Id.*   On April 10, 2000, Petitioner was transferred from the Medical Center for Federal Prisoners in Springfield, Missouri, to Dismas House of St. Louis Community Corrections Center, known as a half-way house, located in St. Louis, Missouri.   *See* Presentence Report, Docket No. 108, issued in *United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. Apr. 14, 2004).

On May 5, 2000, Petitioner signed out on a weekend pass requiring him to return to the Dismas House on May 7, 2000, at or before 7:00 p.m.   Petitioner failed to return to Dismas House

in a timely manner.    The facts of Petitioner's case, as stated by the Court of Appeals for the Eighth Circuit in Petitioner's direct appeal of his 2004 conviction, are as follows:

> In May 2000, while residing in a halfway house pending release from federal prison, Flenoid went to see his girlfriend, Ursula Page, on a weekend pass.   When Page was late picking him up, Flenoid became enraged, then punched, verbally abused, and threatened to kill her.   Page took the threat seriously and sought refuge with her brother-in-law, Rickey Forehand.
>
> About three a.m., Flenoid appeared at Forehand's residence.   Fearful, Page ran upstairs to hide under a bed with her niece.   Page heard a gunshot downstairs. Flenoid had shot and killed Forehand with a .357 magnum revolver.   After the shooting, Flenoid found Page and threatened her, pointing the gun at her niece. Still armed, Flenoid dragged Page out of the residence and put Page in her car.    As Flenoid began to drive away, Page attempted to jump from the car.   Flenoid grabbed Page's hand, dragging her while driving the car for about 150 feet.
>
> About that time, a St. Louis County patrolman arrived on the scene.   When the officer arrived at Forehand's house, he observed Page's car leave the area and Page attempt to jump from it.   The patrolman pursued the car until it crashed into a utility pole a short time later.   The officer commanded Flenoid to exit Page's car. Instead, Flenoid attempted to free the car from the pole and when he failed, Flenoid fled into a wooded area nearby.
>
> Flenoid was not apprehended for more than three years.[2]   In the meantime, investigators recovered Flenoid's bloody fingerprint and palm print on a door and a wall of the basement where Forehand was killed.   Police also recovered Flenoid's .357 revolver which contained five spent shell casings. Fragments of five bullets were retrieved from the basement of Forehand's house and from Forehand's body.

---

[2] On July 14, 2003, the U.S. Marshals and local law enforcement officers apprehended Petitioner at a Comfort Inn in the Kansas City, Missouri area.   Petitioner had an Alabama driver's license with his own photograph, but with a different name.   He also had a Social Security card and a traffic ticket in his possession with the same name as the Alabama license.   *See Flenoid v. Koster*, 4:11-cv-0330-LMB, 2013 WL 6801263, *5 (E.D. Mo. 2013).   A magistrate judge arraigned Petitioner in the United States District Court for the Western District of Missouri, and Petitioner was transferred to the Eastern District of Missouri for his detention hearing on July 19, 2003.   *See United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. July 19, 2003).   It appears, based on the Presentence Report issued in *United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. 2004), see Docket No. 108, that Petitioner's sentence in *United States v. Flenoid*, 4:82-cr-0022-JHM (E.D. Mo. 1982) was revoked after his return to custody in 2003.   His release date on his October 1982 sentence was calculated as September 21, 2005.   *See* page 7 of the Presentence Report, Docket No. 108, issued in *United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. Apr. 14, 2004).

3

*United States v. Flenoid*, 415 F.3d 974, 975–76 (8th Cir. 2005).

In 2004, a jury convicted Flenoid of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and escape, in violation of 18 U.S.C. § 751(a). *United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. 2004). On April 9, 2004, the Court sentenced Petitioner to sixty (60) months on the escape count, and life on the felon in possession of a firearm count, the sentences to run concurrently.[3] Petitioner filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on July 29, 2005. *United States v. Flenoid*, 415 F.3d 974, 975–76 (8th Cir. 2005).

Based on the same set of facts, on January 9, 2008, a jury in the Circuit Court for St. Louis County found Petitioner guilty of first-degree murder in the death of Forehand, two counts of armed criminal action, kidnapping, burglary, unlawful use of a weapon, and first-degree assault. On February 28, 2008, the Circuit Court sentenced him as a prior and persistent offender to three life sentences, three thirty-year sentences of imprisonment, and one seven-year sentence of imprisonment, with all sentences to run consecutively with his prior federal sentence. *See State v. Flenoid*, No. 2100R-01979-01 (21st Jud. Cir., St. Louis Cnty.). Petitioner appealed his conviction and sentence to the Missouri Court of Appeals, which affirmed the Circuit Court's

---

[3] Count I charged an escape from the custody of the Bureau of Prisons, in violation of 18 U.S.C. § 751(a)(1). Count II charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). At sentencing, in view of the shooting death of Ricky Forehand during Petitioner's escape, the Court's Sentencing Guidelines computation applied a cross-reference, pursuant to § 2K2.1(c)(1)(B), to the First-Degree Murder guideline at § 2A1.1(a), to reach a total offense level of 43. As an Armed Career Criminal, Petitioner's criminal history category was VI. On April 9, 2004, the Court sentenced Petitioner to sixty (60) months imprisonment on Count I, and a term of life imprisonment on Count II.

4

judgment on May 26, 2009.  *See State v. Flenoid*, 283 S.W.3d 316 (Mo. Ct. App. 2009) (per curiam).

### B. *Petitioner's Attacks on His Federal Sentences in the E.D. Mo. and Eighth Circuit*

As noted above, Petitioner did not appeal his 1982 conviction and sentence. Additionally, he did not file a post-conviction motion for relief relative to his 1982 sentence. According to the Presentence Report issued in *United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. 2004), *see* Docket No. 108, the Bureau of Prisons calculated Petitioner's release date on his 1982 sentence in *United States v. Flenoid*, 4:82-cr-0221-JHM (E.D. Mo. 1982), as September 21, 2005. Thus, he is no longer in custody relative to the 1982 sentence issued by this Court.

As for the 2004 sentence entered in this Court, Petitioner has attempted on multiple occasions to seek relief relative to that sentence. Petitioner filed his first 28 U.S.C. § 2255 motion to vacate on January 3, 2007. *See Flenoid v. United States*, 4:07-cv-0008-DJS (E.D. Mo. 2009). In the motion, Petitioner alleged ineffective assistance of counsel, as well as various violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. The Court denied Petitioner's motion on June 18, 2009. *Id.* After the Court denied Petitioner's subsequent motion for reconsideration, Petitioner filed an appeal.

On February 26, 2010, the United States Court of Appeals for the Eighth Circuit denied Petitioner's application for a certificate of appealability and dismissed the appeal. *See Flenoid v. United States*, 09-3583 (8th Cir. Feb. 26, 2010). Petitioner filed a motion for reconsideration in the Eighth Circuit, which it also denied. Petitioner filed a petition for writ of certiorari in the Supreme Court, which it denied on October 4, 2010. *See Flenoid v. United States*, 562 U.S. 903 (2010). Thereafter, Petitioner filed a motion to reopen the case in this Court. The Court denied

5

the motion on December 6, 2010. *See Flenoid v. United States*, 4:07-cv-0008 (E.D. Mo. 2010). Petitioner again filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment on February 17, 2011. *See Flenoid v. United States*, 11-1035 (8th Cir. Feb. 17, 2011). The Supreme Court denied Petitioner's petition for writ of certiorari on October 3, 2011. *See Flenoid v. United States*, 565 U.S. 897 (2011).

Petitioner filed his second § 2255 motion relative to his 2004 conviction on September 21, 2015. *See Flenoid v. United States*, 4:15-cv-1444-RWS (E.D. Mo. 2015). On September 22, 2015, the Court denied the motion without prejudice because it was successive, and because Petitioner did not first obtain permission from the United States Court of Appeals for the Eighth Circuit before filing in the United States District Court. Rather than dismiss the action, however, the Court transferred the motion to the Eighth Circuit pursuant to 28 U.S.C. § 1631. On November 10, 2015, the United States Court of Appeals for the Eighth Circuit granted Petitioner's motion to dismiss and dismissed the appeal. *See Flenoid v. United States*, 15-3339 (8th Cir. Nov. 10, 2015).

On November 9, 2015, Petitioner filed his third § 2255 motion to vacate relative to the 2004 conviction. *See Flenoid v. United States*, 4:15-cv-1689-RWS (E.D. Mo. 2015). The Court denied the motion as successive and dismissed the action on November 13, 2015. Petitioner filed two separate motions seeking to alter or amend the Court's judgment. Both were denied. *Id.* On December 14, 2015, Petitioner filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit denied Petitioner's application for authorization to file a successive § 2255 in the District Court on October 28, 2016. *See Flenoid v. United States*, 16-2590 (8th Cir. Oct. 28, 2016).

Petitioner filed a motion to reopen his original § 2255 case on December 6, 2017.  *See Flenoid v. United States*, 4:07-cv-0008-RWS (E.D. Mo. 2018).  The motion was denied, as was Petitioner's subsequent motion for reconsideration.  Petitioner filed a notice of appeal on February 16, 2018.  The United States Court of Appeals for the Eighth Circuit summarily affirmed the judgment of this Court on May 22, 2018.  *See Flenoid v. United States*, 18-1373 (8th Cir. May 22, 2018).  The Supreme Court denied Petitioner's petition for writ of certiorari on December 10, 2018.  *See Flenoid v. United States*, 139 S.Ct. 652 (2018).  Following the denial of Petitioner's writ of certiorari, Petitioner filed a motion for leave to resubmit a traverse, which was denied on February 27, 2019.  He then filed a motion requesting relief from the judgment.  The Court denied this motion on March 6, 2019.  *Id.*

On April 6, 2020, Petitioner filed his fourth motion to vacate pursuant to 28 U.S.C. § 2255 relative to the 2004 conviction.  *See Flenoid v. United States*, 4:20-cv-0488-CDP (E.D. Mo. 2020).  Petitioner titled his application for writ, "Motion Pursuant to United States Constitution Article III § 2 cl.1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a), 'The All Writs Act.'"  Because Petitioner was attacking his 2004 judgment and conviction, the Court construed his motion as one brought pursuant to 28 U.S.C. § 2255, and on April 14, 2020, the Court denied and dismissed the motion as successive under 28 U.S.C. § 2244(b) and 28 U.S.C. § 2255(h).  Petitioner sought reconsideration of the Court's judgment, which the Court denied.  *Id.*

On May 11, 2020, Petitioner filed a notice of appeal with the Court of Appeals for the Eighth Circuit.  The Court of Appeals affirmed the holding of the District Court on August 19, 2020.  *See Flenoid v. United States*, 20-2028 (8th Cir. Aug. 19, 2020).  Petitioner sought rehearing in the Eighth Circuit, but it denied his request for rehearing on October 1, 2020.  *Id.*

7

On February 27, 2023, Petitioner filed his fifth motion to vacate pursuant to 28 U.S.C. § 2255 relative to the 2004 conviction.  *See Flenoid v. United States*, 4:23-cv-0264-CDP (E.D. Mo. 2023).  Petitioner titled his application for writ, "Motion Pursuant to 'Ends of Justice' and 'Miscarriage of Justice' Doctrines Seeking to Have the District Court Adjudicate the Below Listed Question[s] Pertaining to Federal Law."  Because Petitioner was attacking his 2004 judgment and conviction, the Court construed his motion as one brought pursuant to 28 U.S.C. § 2255, and on March 6, 2023, the Court denied and dismissed the motion as successive under 28 U.S.C. § 2244(b) and 28 U.S.C. § 2255(h).  Petitioner sought reconsideration of the Court's judgment, which the Court denied.  *Id.*

On April 11, 2023, Petitioner filed a notice of appeal with the Court of Appeals for the Eighth Circuit.  The Court of Appeals affirmed the holding of the District Court on June 5, 2023. *See Flenoid v. United States*, 23-1693 (8th Cir. June 5, 2023).  Petitioner sought rehearing in the Eighth Circuit, but on July 18, 2023, the Eighth Circuit denied his request.  *Id*.

### C. *Petitioner's Attacks on His Federal Sentences in the S.D. Indiana and Seventh Circuit*

Because Petitioner is currently housed at the Federal Correctional Institution located at Terre Haute, Indiana, he has filed petitions in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 2241 seeking to attack his federal convictions and sentences.[4]

On July 12, 2012, Petitioner filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 arguing that the Supreme Court case of *Martinez v. Ryan*, 566 U.S. 1 (2012),

---

[4] Petitions brought pursuant to 28 U.S.C. § 2241 brought by federal prisoners must be filed within the District Court where the prisoner is located.  *See* 28 U.S.C. § 2241(a).

8

provided him grounds for challenging his first § 2255.  *See Flenoid v. Lockett*, 2:12-cv-0200-JMS-WGH (S.D. Ind. 2013).   The United States District Court for the Southern District of Indiana found that Petitioner's remedies under § 2255 were not inadequate or ineffective and that *Martinez* did not apply.   On this basis, the Court denied the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 on May 7, 2013.   *Id.*

On May 21, 2013, Petitioner filed a notice of appeal with the U.S. Court of Appeals for the Seventh Circuit.   The Court of Appeals for the Seventh Circuit affirmed the holding of the District Court on September 6, 2013.   *See Flenoid v. Caraway*, 13-2096 (7th Cir. Sept. 6, 2013). Petitioner sought rehearing in the Seventh Circuit, but his request for rehearing was denied on October 8, 2013.   *Id.*

On February 28, 2020, Petitioner filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 arguing that he was serving an illegal life sentence.   *See Flenoid v. Watson*, 2:20-cv-00123-JPH-MG (S.D. Ind. 2022).   The United States District Court for the Southern District of Indiana found that Petitioner's remedies under § 2255 were not inadequate or ineffective.   On this basis, the court denied the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 on February 1, 2022.   *Id.*   On February 24, 2022, Petitioner filed a notice of appeal with the Court of Appeals for the Seventh Circuit.   *See Flenoid v. Kallis*, 22-1298 (7th Cir. 2022).   The matter is currently awaiting review.

### The Present Motion

Petitioner titles the present action "Motion Pursuant 28 U.S.C. §§ 1331 & 1651 Seeking Issuance of Coram Nobis."   As noted *supra*, Petitioner asserts three grounds for relief in this action, which he claims relate back to his 1982 conviction in this Court for four counts of

distribution of cocaine.    He asserts: (1) that his counsel was ineffective because he failed to object to the separation of his four cocaine distribution charges, and as a result they were used to improperly enhance his 2004 escape and felon in possession convictions; (2) that his 1982 counsel was ineffective and his guilty plea was involuntary and unknowing because he was not told it could be used as a predicate under the Armed Career Criminal Act (ACCA) if he was convicted for a later crime; and (3) his counsel was ineffective for failing to object at his 1982 sentencing hearing when the first distribution charge was not fully established by the government.

Petitioner's motion lacks specificity as to his claims for relief.    For example, he fails to give specific reasons why he believes his 1982 plea counsel was ineffective.   He states in a conclusory manner that he believes his counsel was ineffective for failing to investigate the law and circumstances of his four cocaine distribution offenses to attempt to negotiate "dismissal of count(s) two, three and four."    However, Petitioner fails to indicate why he believes his counsel should have argued for dismissal of three of the four counts against him, which occurred on different dates,[5] and included different amounts of cocaine.    Instead, he merely claims that under criminal joinder rules, "when the[re] [are] multiple counts contained in a single indictment, referring to the same type of offenses and the evidence as to each count overlapped," his counsel should have sought dismissal of three of the four counts for distribution of cocaine.

---

[5] In Petitioner's writ, he asserts that each package of cocaine he sold weighed between 11 and 13 grams. Doc. [1] at 3.  In the Presentence Report issued in *United States v. Flenoid*, 4:03-cr-0501-DJS (E.D. Mo. 2004), *see* Docket No. 108, the Report states:

> Drug Enforcement Administration records reflect that Flenoid sold cocaine to a confidential informant on four separate occasions on April 19, 1982, April 28, 1982, May 28, 1982, and August 17, 1982.  The cocaine sold by Flenoid had a total net weight of 51.695 grams.

10

Regarding the "collateral consequences" of his plea, Petitioner argues that his 1982 counsel was ineffective for failing to advise Petitioner that the four individual counts could later be considered separate convictions for future enhancement potential. Thus, he claims his guilty plea in 1982 could not be considered "voluntary and knowing."[6] Petitioner has not presented the Court with any caselaw that indicates that defense counsel is obligated to inform his client as to all risks of future federal sentencing enhancements should his client choose to break the law in the future, like Petitioner chose to do.[7] Petitioner does not explain why his counsel should have expected that one day Petitioner would abscond from a half-way house, callously kill a man, and ruthlessly drag a woman from a car.

Additionally, Petitioner fails to establish why he believes his 1982 counsel was ineffective at his sentencing hearing for failing to object to evidence proffered by the government regarding the first distribution crime. Petitioner does not argue that he did not plead guilty to all four crimes of distribution of cocaine. Instead, he asserts that this Court should attempt to define the meaning of the words, "second or subsequent conviction," to ascertain whether he was prejudiced by multiple convictions relating to the same type of crime. In other words, Petitioner is again attempting to reduce his 1982 four prior distribution convictions into lesser charges for ACCA enhancement purposes as to his 2004 criminal conviction and sentence.

---

[6] Petitioner acknowledged in his petition in *Flenoid v. United States*, 4:20-cv-0488-CDP (E.D. Mo. 2020), that his counsel in his 2004 case objected to the potential ACCA enhancement.

[7] "Our task here is not to second-guess every decision, but rather to ask what a reasonable lawyer would have done under the circumstances." *Adejumo v. United States*, 908 F.3d 357, 362 (8th Cir. 2018) (discussing the standards espoused in *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

11

Petitioner's arguments in his motion are almost identical to those he brought in his 2020 motion to vacate in this Court.   On April 6, 2020, Petitioner filed his fourth motion to vacate pursuant to 28 U.S.C. § 2255 relative to the 2004 conviction.   *See Flenoid v. United States*, 4:20-cv-0488-CDP (E.D. Mo. 2020).   Petitioner titled his application for writ, "Motion Pursuant to United States Constitution Article III § 2 cl.1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a), 'The All Writs Act.'"   This Court construed Petitioner's motion as a successive motion to vacate, brought pursuant to 28 U.S.C. § 2255.   He raised two issues in his motion, namely that his 1982 federal conviction for cocaine distribution should not have counted as four separate and distinct offenses for ACCA enhancement purposes because his attorney was ineffective at his sentencing hearing and because the Sentencing Commission "adopted a weight[ed] scheme that uses the weight of drugs involved in the offense as the sole proxy to identify major and serious dealers."

Despite Petitioner's assertions relative to his 1982 sentence and not his 2004 sentence, the Court found that Petitioner's characterization of the motion to vacate was not persuasive.   Rather, because the purpose of his § 2255 was a collateral challenge to his 2004 federal conviction, his motion should be characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.   *Id*.   The United States Court of Appeals for the Eighth Circuit affirmed the holding of the District Court on August 19, 2020.   *See Flenoid v. United States*, 20-2028 (8th Cir. Aug. 19, 2020).

## Discussion

Based on a review of the claims before the Court, petitioner's "Motion Pursuant 28 U.S.C. §§ 1331 & 1651 Seeking Issuance of Coram Nobis Writ" should be construed as yet another attack on his 2004 conviction and sentence.   Although he attempts to craftly arrange his claims as if he

is attacking his 1982 conviction and sentence, there is no doubt that he is collaterally attacking the ACCA enhancement given relative to his 2004 conviction and sentence. Because this is his sixth motion to vacate his 2004 conviction and sentence, the Court will deny and dismiss this action as successive pursuant to 28 U.S.C. § 2255(h).

### A. *Successiveness*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018); *accord Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the court of appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition"). Instead, it is up to the court of appeals to determine whether a petitioner has made a prima facie case that he has satisfied the requirements of § 2255(h). *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

In this case, Petitioner is arguing that his sentence was wrongly enhanced and that his attorney's failure to object to his plea negotiations, guilty plea and sentencing was constitutionally defective under the Sixth Amendment. This type of collateral attack is typically made pursuant to 28 U.S.C. § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (stating

13

that the purpose of § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating that it is well settled that "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that "[a] challenge to a federal conviction . . . is most appropriately brought as a motion under 28 U.S.C. § 2255"). In other words, the substance of Petitioner's challenge is of the type ordinarily brought pursuant to § 2255. Furthermore, the recurrent theme of Petitioner's assertions is an attack on the application of the ACCA to his 2004 sentence. The arguments relative to his 1982 conviction are simply another attempt by Petitioner to assert that he should not have been assessed the ACCA enhancement in 2004. Thus, the Court construes this as a motion to vacate his 2004 sentence, brought pursuant to 28 U.S.C. § 2255.

Petitioner cannot avoid the requirement that he obtain authorization from the Court of Appeals to file a successive 28 U.S.C. § 2255 motion merely by recharacterizing his action. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (stating that inmate could "not bypass the limitation on successive habeas petitions" by claiming that his action was actually under Fed. R. Civ. P. 12(b)(2)); *Boyd*, 304 F.3d at 814 (remanding movant's Fed. R. Civ. P. 60(b) motion to the district court for dismissal, "because it is, on its face, a second or successive 28 U.S.C. § 2255 petition"); *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (explaining that § 2255 was the appropriate means for movant to challenge her sentence, and that a writ of coram nobis could not be used to circumvent "the second or successive provisions of § 2255"); *Williams v. Hopkins*, 130 F.3d 333,

336 (8th Cir. 1997) (treating inmate's 42 U.S.C. § 1983 claim as "the functional equivalent of a successive habeas action, regardless of its technical label").

Here, Petitioner's claims must be brought pursuant to 28 U.S.C. § 2255.  As discussed above, however, Petitioner has filed five prior § 2255 motions in this Court.  Before he can bring a successive motion, he must seek certification from the United States Court of Appeals for the Eighth Circuit, which he has not done.  Simply recharacterizing the action does not suffice to avoid this requirement.

### B. *Petitioner's Characterization of the Motion as Arising Under 28 U.S.C. §§ 1331 or 1651*

In his motion, Petitioner tries to stress that this Court's jurisdiction arises under 28 U.S.C. § 1331 or 28 U.S.C. § 1651 or the writ of coram nobis.  Presumably, Petitioner has characterized his motion in this manner to avoid the bar on second or successive motions without prior authorization from the Court of Appeals.  Indeed, on September 8, 2023, petitioner filed an "Objection to Clerk of Court Recharacterization of Petitioner's Recently Filed 'Motion Pursuant to 28 U.S.C. §§ 1331 & 1651 Seeking Coram Nobis Writ.'"  Doc. [5].  In his motion, Petitioner emphatically asserts that he is not filing a motion to vacate with this Court.  Rather, he is attempting to file a petition for writ of coram nobis under 28 U.S.C. § 1651.  His argument is unpersuasive for the reasons set out above.

Additionally, Petitioner's arguments relative to the alleged improper enhancement under the ACCA are unavailing and would not change his life sentences, federal or state.  At his sentencing in 2004, Petitioner received an Armed Career Criminal designation relative to **seven** prior convictions for violent felonies or drug trafficking crimes.  Specifically, he was convicted previously of the four cocaine distribution charges in 1982, a 1971 Missouri conviction for robbery

15

in the first degree while flourishing a deadly weapon, a 1975 conviction for possession with intent to distribute marijuana for sale in California, and a 1971 Missouri conviction for flourishing a deadly weapon in a rude, angry, and threatening manner.  What petitioner fails to account for is that even if his cocaine distribution charges were lumped into one charge, he would still have three qualifying predicate offenses under the ACCA.[8]  Additionally, Petitioner fails to show how negation of the ACCA enhancement from his 2004 sentence would change the life sentence that he received pursuant to the imposition of the sentencing guideline enhancement for the murder he committed.[9]

In sum, Petitioner's characterization of his motion is not controlling.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly").  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get

---

[8] The ACCA mandates a 15-year minimum punishment for anyone convicted of a firearm by a felon with three qualifying offenses.  18 U.S.C. § 924(e).  Qualifying offenses are either "serious drug offenses" and/or "violent felonies," which the statute defines.  Petitioner's first-degree aggravated robbery qualifies as a violent felony in Missouri under the ACCA.  *See United States v. Witherspoon*, 974 F.3d 876 (8th Cir. 2020).  The Eighth Circuit additionally has found that exhibiting a deadly weapon also qualified as a violent felony under the ACCA.  *See Boaz v. United States*, 884 F.3d 808 (8th Cir. 2018).  Possession with intent to sell marijuana similarly qualifies as a serious drug offense under the ACCA.  *See United States v. Beardemphl*, 0:15-cr-0315, 2020 WL 1701996 (D. Minn. Apr. 8, 2020).  Cocaine distribution is also a serious drug offense under the ACCA.  *United States v. Wade*, 792 F. App'x 417 (8th Cir. 2020) (per curiam).

[9] At Petitioner's 2004 sentencing hearing the Court found by a preponderance of the evidence that Petitioner's "shooting of Ricky Forehand was committed in the kidnapping of Ursula Page and/or the burglary of the Forehand residence and so constitutes a first-degree murder for the purposes of the Sentencing Guideline cross reference."  S. Tr. at 14.; *see also United States v. Flenoid*, 415 F.3d 974, 975–76 (8th Cir. 2005). Thus, the district court sentenced Petitioner to life in prison pursuant to U.S.S.G. § 2K2.1(c)(1)(B), the first-degree murder cross reference.

Out of Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Petitioner has not sought or received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive § 2255 motion. Therefore, Petitioner's motion must be denied, and this action dismissed.

## CONCLUSION

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief.

As discussed above, it is plainly apparent that Petitioner is attempting to seek relief pursuant to 28 U.S.C. § 2255, despite his alternative characterization of the instant action as arising under 28 U.S.C. § 1331, 28 U.S.C. § 1651, and/or as a petition for writ of coram nobis. The motion is successive, and Petitioner has not sought or received authorization from the Court of Appeals for the Eighth Circuit for an order allowing this Court to consider the application. The Court thus lacks jurisdiction to consider Petitioner's request for relief. As such, the motion will be denied, this action will be dismissed, and Petitioner's sentences will remain undisturbed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion Pursuant 28 U.S.C. §§ 1331 & 1651 Seeking Issuance of Coram Nobis Writ," characterized as a motion to vacate brought pursuant to 28 U.S.C. § 2255, Doc. [1], is **DENIED and DISMISSED as successive**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Tolling, Doc. [5], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of October 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE